CONSOLIDATION COAL COMPANY, Consol Pennsylvania Coal Company, and Itmann Coal Company, Plaintiffs,

v.

UNITED STATES of America and Lawrence A. Gibbs, Commissioner of the Internal Revenue Service, Defendants.

USX CORPORATION, Formerly United States Steel Corporation, Plaintiff,

v.

UNITED STATES of America and Michael J. Murphy, Acting Commissioner of Internal Revenue Service, Defendants.

U.S. STEEL MINING CO., INC., and USX Corporation, Plaintiffs,

v.

UNITED STATES of America and Fred T. Goldberg, Commissioner of the Internal Revenue Service, Defendants.

Nos. Civ. A. Nos. 88–1604, 89–1051 and 90–1890.

United States District Court, W.D. Pennsylvania.

Dec. 16, 1992.

Letitia W. Worley, Gary W. Walsh, USX Corp. Law Dept., Pittsburgh, PA, for U.S. Steel Mining Co., Inc., USX Corp.

Thomas W. Corbett, Jr., Pamela J. Grimm, Michelle O. Gutzmer, U.S. Attorney's Office, Pittsburgh, PA, R. Scott Clarke, Lawrence P. Blaskopf, U.S. Dept. of Justice, Tax Div., Washington, DC, for U.S. and Fred T. Goldberg.

## MEMORANDUM OPINION

LEE, District Judge.

Each of the three consolidated actions for tax refunds[1] raises the same single issue of law: whether coal used by each of the plaintiffs as fuel to dry coal that they produced for sale was "used in a mining process" so as to be exempt from taxation otherwise imposed by Section 4121 of the Internal Revenue Code, 26 U.S.C. § 4121.

The parties have filed joint Stipulations (Document No. 31 at Civil Action No. 88–1604) which include the following:

> The taxpayers Consol, CPCC, Itmann, USX and U.S. Steel Mining Co. have pursued all appropriate administrative procedures and exhausted their administrative remedies. If this Court holds that coal used as fuel in the drying process is not subject to Black Lung Taxation, the taxpayers are entitled to refunds in the amounts noted in Stipulations 9, 21, 31, 44, 52 and 53, together with interest as provided by law.

This identical issue has been decided convincingly against the government in favor of other coal mining enterprises. In *Mulga Coal Co. v. United States*, 825 F.2d 1547 (11th Cir.1987), the United States Court of Appeals for the Eleventh Circuit analyzed Section 4121 of the Code and the Treasury Regulations relevant to that section of the Code, particularly Treas.Reg. § 48.4121–

1(d)(3), and held that coal that was used by a mining company to dry its own washed coal prior to shipment for sale was coal "used in a mining process" within the meaning of the regulation, and was not subject to the Black Lung Benefits Revenue Act of 1977, Pub.L. 95–227, 92 Stat. 11, which imposed the excise tax on the production and sale of domestically mined coal and created the Black Lung Disability Trust Fund from the revenues generated thereby.

The government declines to follow the law of the Eleventh Circuit in tax refund cases in the other circuits, and asks this Court to disregard the *Mulga* rule. This was also the government's position in *Island Creek Coal Co. v. United States*, 1991 WL 338262, 1991 U.S.Dist. LEXIS 10356 (E.D.Ky.1991), wherein the district court adopted and applied *Mulga*, and ordered a tax refund in the amounts stipulated to by the parties because coal used as fuel for drying, which is part of the mining process, is non-taxable. The Court noted:

> The statutes and regulations governing the question before the Court are not ambiguous. The Court will not strain to reach an interpretation which may be more consistent with legislative intent when the language of the regulation is clear. If "clarification" is in order, that is a task left to Congress and the Treasury Department.

1991 WL 338262, * 2, 1991 U.S.Dist. LEXIS 10356, * 6.

This Court finds the reasoning of the *Mulga* and *Island Creek* decisions to be persuasive, and holds that coal used as fuel in the drying process is not subject to the Black Lung excise tax, and that the plaintiff-taxpayers are therefore entitled to refunds in the amounts, specified in their Stipulations, together with interest as provided by law. The government has not cited any other decisions directly on point to the contrary, nor has this Court's research revealed any inconsistent authority. Accordingly, plaintiffs' Motions for Summary Judgment will be granted, and the government's Cross Motion for Summary Judgment will be denied.

---

1. Jurisdiction is predicated on 28 U.S.C. § 1346(a)(1).